**BAKER LESHKO SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
One North Lexington Avenue
White Plains, New York 10601-1712
T – 914.681.9500
F – 914.681.9505
Attn.: Mitchell J. Baker (MB-4339)
mbaker@bakerleshko.com

**14 CIV. 8407**

**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELO LaVIGNA,<br><br>Plaintiff,<br><br>-against-<br><br>AVALONBAY COMMUNITIES, INC.<br><br>Defendant. | **PLAINTIFF DEMANDS TRIAL BY JURY**<br><br>Civ.<br><br>**COMPLAINT** |

Plaintiff Angelo LaVigna by his attorneys, Baker Leshko Saline & Blosser, LLP, complaining of the above-mentioned defendant, alleges as follows:

Introduction

1. This is a diversity personal injury action arising out of an accident which occurred at the Avalon apartment complex located at 746 Boston Post Road in Mamaroneck, New York (the "Avalon Apartment Complex"). On February 18, 2014, plaintiff Angelo LaVigna, an officer with the Village of Mamaroneck Police Department, was injured when he slipped and fell on ice and slippery conditions at the Avalon Apartment Complex. His fall was due to an accumulation

of ice over several days without any proper treatment and inadequate lighting. Due to his injuries, Mr. LaVigna has suffered career ending injuries.

## Jurisdiction

2. Plaintiff Angelo LaVigna is a citizen and resident of the State of New York, County of Westchester.

3. Upon information and belief, defendant Avalonbay Communities, Inc. (hereinafter "Avalon") is a corporation formed under and existing pursuant to the laws of the State of Maryland and has a principal place of business within the Commonwealth of Virginia.

4. Defendant does business within the State of New York and owns real estate within the State of New York, specifically the Avalon Apartment Complex.

5. Jurisdiction of this Court is based on diversity of citizenship, 28 U.S.C § 1332, as the parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in the district pursuant to 28 USC § 1391(b) (2).

## Background

7. At all relevant times herein, Mr. LaVigna was a police officer with the Village of Mamaroneck Police Department.

8. In the morning of February 18, 2014 at approximately 6:30 am, Police Officer LaVigna received a call to respond to the Avalon Apartment Complex to assist in an "aided" call.

9. Apparently an occupant of the Avalon Apartment Complex had called seeking assistance as she was having chest pains.

10. Upon arriving at the Avalon Apartment Complex, Police Officer LaVigna exited his police car and commenced on foot in a parking lot under the buildings comprising the Avalon Apartment Complex.

11. While Police Officer LaVigna was on foot going from building one to building two of the Avalon Apartment Complex, which was outdoors and not covered, he was caused to slip and fall on icy and slippery conditions on the walkway of the Avalon Apartment Complex.

12. Upon information and belief, it had precipitated in the days prior to February 18, 2014 and the temperature in the evening and early morning of February 18, 2104 was below the freezing mark.

13. Upon information and belief, Avalon did not properly dispose of prior snow or ice which had previously accumulated and had not properly treated the walkway with materials and/or chemicals to treat and otherwise prevent the formation of ice and/or a dangerous slippery condition.

14. Indeed, Police Officer LaVigna was with another police officer of the Village of Mamaroneck Police Department who came to Police Officer LaVigna's aid, and who himself fell on top of Police Officer LaVigna due to the slippery and otherwise dangerous condition.

15. When a second ambulance came to assist the police officer who came to assist Police Officer LaVigna, one of the emergency medical technicians fell on the same slippery and otherwise dangerous walkway.

16. Due to his slip and fall, Police Officer LaVigna hit his head and back severely on the walkway.

17. He was taken by emergency medical technicians via ambulance to the New Rochelle Hospital.

18. Subsequently, Police Officer LaVigna underwent medical treatment wherein he was diagnosed with, among other things, severe nausea and herniations of his disks of his spine.

19. Due to such injuries, Police Officer LaVigna could not return to work as a police officer for no less than approximately one (1) month.

20. Upon his return to the Village of Mamaroneck Police Department, Police Officer LaVigna has been placed on light duty with the Village of Mamaroneck Police Department, and he has been unable to work on full duty status.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Negligence)

21. Avalon owed Police Officer LaVigna a duty to maintain the walkway at the Avalaon Apartment Complex is an ice free condition, free of any slippery and dangerous conditions.

22. Avalon breached such duty to Police Officer LaVigna.

23. Due to the breach of such duty, Police Officer LaVigna has been injured.

24. Police Officer LaVigna has been injured due to the negligence of Avalon.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(General Municipal Law 205-e)

25. Plaintiff realleges and repeats the allegations and statements contained in all prior paragraphs herein as if more fully set forth herein.

26. Avalon breached its obligations under Village of Mamaroneck Village Code Section 296-1 regarding snow and ice removal in that it did not remove or properly take care of the icing and slippery conditions on the subject walkway wherein Police Officer LaVigna was injured.

27. Avalon is liable to Police Officer LaVigna under New York General Municipal Law Section 205-e in that it violated Village of Mamaroneck Village Code Section 296-a.

WHEREFORE, plaintiff demands judgment as follows:

1. On the first claim for relief, a judgment against defendant in an amount to be determined by the Court, but in excess of the jurisdictional limits of all inferior Courts;

2. On the second claim for relief, a judgment against defendant in an amount to be determined by the Court, but in excess of the jurisdictional limits of all inferior Courts;

3. Costs and disbursements of this action; and

4. For such other, further and different relief this Court deems just.

Dated: White Plains, New York
October 21, 2014

                              BAKER LESHKO SALINE & BLOSSER, LLP
                              *Attorneys for Plaintiff*

                              By: _____
                                  Mitchell J. Baker (MB-4339)
                              One North Lexington Avenue
                              White Plains, New York 10601-1712
                              T – 914.681.9500
                              F – 914.681.9505
                              mbaker@bakerleshko.com